# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Judith Givens, | No. 2:20-cv-02497-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Wells Fargo Bank, National Association, et al., | |
| Defendants. | |

Plaintiff Judith Givens brought this punitive class action against defendants Wells Fargo and Select Portfolio Servicing. Compl., ECF No. 1. Parties filed two joint notices of settlement. Joint Notice of Settlement with Wells Fargo, ECF No. 16; Joint Notice of Settlement with Portfolio Servicing, ECF No. 17. The plaintiff now requests the court dismiss all claims, with prejudice as to Judith Givens and without prejudice as to the putative class members under the Federal Rules of Civil Procedure Rules 23(e) and 41(a)(1)(A)(ii). ECF No. 29. As explained below, the court **grants** the request.

Federal Rule of Civil Procedure 23 governs the litigation of class actions in federal court. Rule 23(e) includes several provisions on the settlement and voluntary dismissal of class actions, but that subsection requires the court's approval of a settlement only when a class has been certified. *See* Fed. R. Civ. P. 23(e); *see also id*. advisory comm. notes to 2003 am. ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a

settlement, voluntary dismissal, or compromise."). Because no class has been certified in this case, the court need not approve the parties' settlement agreement.

Nevertheless, Rule 23(d)(1) allows the court to "issue orders that . . . require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of . . . any step in the action . . . ." Fed. R. Civ. P. 23(d)(1)(B)(i); *see also Del Rio v. CreditAnswers*, LLC, No. 10-346, 2011 WL 1869881, at *2 (S.D. Cal. May 16, 2011). Similarly, the court may also consider "'whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members with a reasonable reliance expectation of the maintenance of the action for the protection of their interests,'" and the court may "'inquire into possible prejudice from . . . lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations.'" *Del Rio*, 2011 WL 1869881, at *2 (quoting *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1407–08 & n.3 (9th Cir. 1989)); *accord Lewis v. Vision Value, LLC*, No. 11-01055, 2012 WL 2930867, at *3 (E.D. Cal. July 18, 2012)) (internal marks omitted).

Here, the court finds dismissal of this action will not result in prejudice to the putative class members. Nothing in the record indicates this case was widely publicized, and it is unlikely potential class members have relied on this action to vindicate their interests. *See, e.g., Castro v. Zenith Acquisition Corp.*, No. 06-04163, 2007 WL 81905, at *2 (N.D. Cal. Jan. 9, 2007). Moreover, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974).

The court **dismisses with prejudice** all claims brought by Ms. Givens and **dismisses without prejudice** all claims and allegations of the putative class members. The clerk is directed to close the case.

This order resolves ECF No. 29.

IT IS SO ORDERED.

DATED: May 17, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE